## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DANIEL MCGOVERN, | Case No. |
| Plaintiff, | |
| vs. | |
| DOUGLAS COUNTY, a Political subdivision of the State of Nebraska and TIMOTHY DUNNING, Douglas County Sheriff, in his official and individual capacities, | **COMPLAINT AND REQUEST FOR JURY TRIAL** |
| Defendants. | |

COMES NOW the Plaintiff, Dan McGovern, by and through his undersigned attorney, and for his causes of action against the Defendants, alleges as follows:

### I. JURISDICTION

Jurisdiction is involved pursuant to 28 U.S.C. §1331 because the cause involves federal questions of law.

### II. VENUE

Venue is appropriate because all of the material facts occurred in this District. **PLAINTIFF HEREBY REQUESTS A JURY TRIAL TO BE HELD IN OMAHA, NEBRASKA.**

### III. PARTIES

The Plaintiff, Dan McGovern was at all times relevant to this complaint a resident of Omaha, Douglas County, Nebraska and has been employed by the Douglas County Sheriff's Department as a sworn Deputy holding the rank of Captain.

The Defendant, Douglas County is a political subdivision of the State of Nebraska. Douglas County operates the Office of Sheriff of Douglas County, the Plaintiff's employer. The office is directed and supervised by Timothy Dunning, the duty elected Sheriff of Douglas County, Nebraska. The Office of the Sheriff is operated under a paramilitary command structure with ranks in ascending order of Deputy, Corporal, Sergeant, Lieutenant, Captain, Chief Deputy and Sheriff.

### IV.  FACTS

1. The Plaintiff, Dan McGovern has been employed by the Douglas County Sheriff's Office since January of 1979 and has held the position of Captain since December of 1999.

2. That in and around February of 2006 Plaintiff was considering entering the political race for the Republican nomination for the Douglas County Sheriff's position, which would put him in direct competition against the Defendant, Sheriff Dunning. Defendant Dunning, at that time, advised that he could offer the Plaintiff economic incentives in the form of crediting the Plaintiff for compensation not earned in order for the Plaintiff to be in a better position to retire rather than run against the Defendant, Dunning in the 2006 Republican primary election. Specifically, Dunning stated to McGovern, "what's your number."

3. The Plaintiff refused to accept any economic incentive and refused to retire and officially filed as a candidate in the Republican primary for the office of Douglas County Sheriff.

4. On March 27, 2006, the Plaintiff filed a complaint with the Nebraska Attorney General's Office wherein the Plaintiff alleged that Defendant Dunning added compensatory time hours to select employees' accrued hour banks without the employees having worked to earn those compensate hours, therefore negatively impacting the Douglas County pension system. The Plaintiff requested an investigation into these practices. The Defendant was then referred by the Attorney

General's Office to the County Attorney for Douglas County for investigation into these complaints. Plaintiff was questioned about his "comp time" allegations by employees of the Douglas County Attorney's Office in April of 2006.

5.  In October of 2006, Plaintiff became aware that the Defendant Dunning had engaged in a longstanding practice of sending subordinate employees' and others' e-mail messages of an offensive, racist, and discriminatory nature.

6.  On March 1, 2006, Plaintiff sent a letter to the Defendant Dunning, wherein Plaintiff called for Dunning to discuss the e-mails publically because of an internal "gag" order imposed on employees of the Department, which the Plaintiff believed would prevent him from disclosing the fact that the Sheriff had sent these objectionable e-mails to his subordinates.

7.  On Monday, April 10, 2006, after hearing no response from the Defendant Dunning based on Plaintiff's March 1, 2006 letter, the Plaintiff held a press conference wherein he disclosed to members of the Omaha area news media examples of the inappropriate and racially offensive electronic mail messages sent by Defendant Dunning to people including employees of Douglas County who were subordinates to Dunning and that the Defendant offered "comp time" to department employees as an incentive to leave or retire early.

8.  On or about April 21, 2006, Defendant Dunning included an apology letter in the Sheriff's Office newsletter sent to each employee of the Douglas County Sheriff's Office stating:

> Captain McGovern has stated that I have created a hostile work environment by sending inappropriate e-mails from my home computer to a certain group of people. Without checking the address, I found that I did in fact send to a person who had a County e-mail address. This was an accident. If I have offended anyone by these e-mails I ask that you accept my apology. I would be happy to discuss the contents of the e-mails with any of you on an individual basis. If

>   at any time anyone feels that the DCSO is a hostile work environment, please do not wait several months to tell me. As always, I continue to have an open door policy making media coverage unnecessary.

9. Tuesday, May 9, 2006 Defendant Dunning defeated the Plaintiff in the Republican primary for the office of Douglas County Sheriff and at an election party afterwards, Defendant Dunning stated "We have officially put Danny Boy down." Dunning further went on to advise members of the media on camera on the night of the election that he had an internal affairs investigation waiting for the Plaintiff when the Plaintiff returned to work.

10. The Plaintiff was subjected to an internal affairs investigation on May 11, 2006, the day he returned to work after the election. On June 1, 2006 Plaintiff's employment was suspended for a period of twenty (20) days without pay and Defendant was ordered to refrain from working any other secondary employment during the period of his suspension, which prevented the Defendant from earning other income.

11. The Plaintiff has been subjected to further internal affairs investigations and upon information and belief Plaintiff will be subjected to further discipline and adverse employment actions as a result of engaging in the protected activities described above, and Plaintiff alleges a continuing violation of his rights as the Defendants retaliatory actions are continuing in nature.

12. As a result of the actions taken by the Defendants against the Plaintiff, the Plaintiff has and will continue to suffer loss of pay and benefits. Further, Plaintiff has suffered significant emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and severe damage to his reputation, both personal and professional, as well as other non-pecuniary losses.

Plaintiff further requests punitive damages against the individual Defendant, attorney fees and costs of this action.

**FIRST CAUSE OF ACTION**
*(Free Speech - 42 U.S.C. §1983)*

The Plaintiff incorporates herein, as if fully set forth, the allegations contained in paragraphs 1 through 12 above.

Plaintiff has spoken out on matters of public concern and engaged in protected activity by filing for and contending for public office against the Defendant Dunning. The actions of the Defendants in suspending the Plaintiff's employment and continuing to subject the Plaintiff to internal affairs investigations and further discipline were and continue to be motivated, at least in significant part, by the Plaintiff's speech and protected activity regarding these matters of public concern and violations of Plaintiff's rights as secured under the First Amendment of the United States Constitution and 42 U.S.C. §1983.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

a.  declaring that the acts of the Defendants herein before alleged violated the constitutional rights guaranteed to the Plaintiff and enjoining the Defendants from further acts of retaliation and adverse employment activities;

b.  awarding Plaintiff actual pecuniary losses in an amount to be proven at trial;

c.  awarding Plaintiff general compensatory damages against the Defendants in an amount to be determined at trial;

d. awarding Plaintiff punitive damages against the individual named as statutorily mandated;

e. ordering that the Defendant cease violating the constitutional rights of Plaintiff;

f. awarding Plaintiff his attorney fees and costs expended herein; and

g. awarding Plaintiff such other damage as this Court deems just and appropriate.


DATED this 21st day of July, 2006

                            DANIEL MCGOVERN, Plaintiff


              By   /s/ John E. Corrigan
                   John E. Corrigan, #21242
                   DOWD HOWARD & CORRIGAN, L.L.C.
                   1411 Harney Street, Suite 100
                   Omaha, Nebraska 68102
                   (402) 341-1020
                   ATTORNEYS FOR PLAINTIFF